## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Hand Held Products, Inc., | C. A. No. _____ |
| Plaintiff, | |
| v. | |
| Amazon.com, Inc.; AMZN Mobile LLC; AmazonFresh LLC; A9.com, Inc.; A9 Innovations LLC; and Quidsi, Inc. | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT AND DEMAND FOR A JURY TRIAL

Plaintiff Hand Held Products, Inc., by and through its attorneys, brings this Complaint against Defendants Amazon.com Inc., AMZN Mobile LLC, AmazonFresh LLC, A9.com, Inc., A9 Innovations LLC, and Quidsi, Inc. (collectively "Defendants") as follows:

## THE PARTIES

1.      Plaintiff, Hand Held Products, Inc. ("Hand Held"), is a corporation organized and existing under the laws of the State of Delaware, maintaining a principal place of business at 9680 Old Bailes Road, Fort Mill, South Carolina, 29707.

2.      Defendants infringe a patent developed by researchers at Welch Allyn, Inc. ("Welch Allyn"). The patent was assigned to Welch Allyn Data Collection ("WADC"), a division of Welch Allyn that was spun off as a separate company. In 1999, WADC purchased

1

Hand Held and began selling products under the Hand Held brand. The company formally changed its name to Hand Held Products, Inc. (the Plaintiff in the present suit).

3.      Welch Allyn, WADC, and Hand Held have a long history of bar-code scanning innovations. In 1983, Hand Held began supplying Federal Express with micro-wand bar-code readers, which allowed drivers to track packages when en route. In addition, the innovations of Hand Held led to the launch of the first mobile computer with 2D imaging technology in 2001. Today, Hand Held is the world's largest manufacturer of linear and 2D handheld barcode scanners based on imaging technology.

4.      Hand Held is informed and believes that Defendant Amazon.com, Inc. ("Amazon") is a corporation organized and existing under the laws of the State of Delaware, maintains its principal place of business in Seattle, Washington, and does business in the District of Delaware.

5.      Hand Held is informed and believes that Defendant AMZN Mobile LLC ("AMZN") is a limited liability company organized and existing under the laws of the State of Delaware, maintains its principal place of business in Seattle, Washington, is a subsidiary of Defendant Amazon and does business in the District of Delaware.

6.      Hand Held is informed and believes that Defendant AmazonFresh LLC ("AmazonFresh") is a limited liability company organized and existing under the laws of the State of Delaware, maintains its principal place of business in Seattle, Washington, and is a subsidiary of Defendant Amazon.

7.     Hand Held is informed and believes that Defendant A9.com, Inc. ("A9 Inc.") is a corporation organized and existing under the laws of the State of Delaware, maintains its principal place of business in Palo Alto, California, is a subsidiary of Defendant Amazon and does business in the District of Delaware.

8.     Hand Held is informed and believes that Defendant A9 Innovations LLC ("A9") is a limited liability company organized and existing under the laws of the State of Delaware, maintains its principal place of business in Palo Alto, California, is a subsidiary of Defendant A9 Inc., and does business in the District of Delaware.

9.     Hand Held is informed and believes that Defendant Quidsi, Inc. is a corporation organized and existing under the laws of the State of Delaware, maintains its principal place of business in Jersey City, New Jersey, is a subsidiary of Defendant Amazon, and does business in the District of Delaware.

## JURISDICTION AND VENUE

10.    This action arises under the Patent Laws of the United States, Title 35 U.S.C. §§ 101 *et. seq.*  Jurisdiction in this Court over this action is proper pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and/or 1400 because each Defendant is, at a minimum, subject to the personal jurisdiction in this District, as explained above and below, and Defendants have committed acts of infringement in this District, as explained in more detail below.

12.     Upon information and belief, Defendants are subject to personal jurisdiction in this District arising at least out of their incorporation in this District and their contacts within this District. Defendants Amazon and A9 Inc. have previously been subject to personal jurisdiction in this District. Upon information and belief, Defendants Amazon, AMZN, A9 Inc., A9 LLC, and Quidsi have conducted and do conduct business within the State of Delaware and thus, within this District. For example, the Defendants make their apps available for download to Delaware residents. These Defendants ship, distribute, offer for sale, sell, import, and advertises its products in the United States, the State of Delaware, and this District. These Defendants maintain significant sales presence in the State of Delaware and in this District. Each of these Defendants has purposefully and voluntarily placed one or more of its infringing products (and/or services) into the stream of commerce with the expectation that they will be purchased and/or used by consumers in this District. Each of these Defendants has committed the tort of patent infringement within the State of Delaware. Furthermore, these Defendants' contacts with this District are systematic and continuous, and Hand Held's claims arise out of or are related to these Defendants' contacts within this District, by which these Defendants have purposefully availed themselves of jurisdiction in this District. Therefore, the exercise of personal jurisdiction over the Defendants would not offend the traditional notions of fair play and substantial justice.

13.     The acts of infringement detailed herein all arise out of the same transaction, occurrence or series of transactions or occurrences and questions of fact common to all Defendants will arise in this action. For example, upon information and belief, most of the accused applications are available on Amazon's website. For further example, upon further information and belief, most, if not all, accused applications process transactions using Amazon's severs.

## FACTUAL BACKGROUND

### Defendants Amazon and AMZN

14.    Defendant Amazon is an online retail company that has developed multiple mobile applications that allow customers to purchase items from its website (Amazon.com) or related websites.  Defendant Amazon is currently the largest online retailer in the United States.

15.    On information and belief, Defendant AMZN is a subsidiary of Defendant Amazon and licenses Defendant Amazon's mobile applications.

16.    Defendant Amazon and/or Defendant AMZN, operate, and maintain – or control and direct – the operation and maintenance of its mobile applications, including, but not limited to, "Amazon Mobile", "Amazon Price Check," and "Amazon Student" ("Amazon's Applications").  Amazon's Applications are designed to operate on a specific type of mobile phone platform, including, but not limited to, Apple's iOS, Google's Android, and Microsoft's Windows Mobile (i.e. when Defendant Amazon releases each version of its application, it knows that the version can only be used on a particular type of mobile phone platform).  When the bar-code scanning feature of these applications is triggered, the applications are designed to function in a way as to meet all of the elements of the claimed invention.

17.    Amazon's Applications include a bar-code scanning feature.  This bar-code scanning feature is designed to conveniently aim, capture and decode bar-coded information using a smartphone device.  The feature uses the smartphone's digital camera and screen to display a target of interest that allows consumers to easily aim the device at the target.  It is well known that these applications are designed to take advantage of a smartphone's camera.  The target is captured, and the bar-coded information is decoded.  This decoded information is used

to search for products, and the result is outputted to the smartphone's display.  For example, Defendant Amazon incentivizes customers to use this feature in brick-and-mortar stores for the purpose of what some have referred to as "showrooming."  Defendant Amazon encourages customers to comparison shop by researching products in brick-and-mortar stores, scanning the product's bar-code label, and using its mobile applications to compare the price on Amazon.com. On information and belief, this allows Amazon to make sales they would not have otherwise made.  Defendant Amazon does not have to withhold sales tax, pay licenses, or pay salaries for employees for these brick-and-mortar showrooms, thereby providing Defendant Amazon with a cost advantage.  In addition, through this process, Defendant Amazon amasses large volumes of pricing data without the need to pay a third-party vendor to collect such data.  Instead, Defendant Amazon avoids certain cost of collecting this data through a vendor by using data from potential consumers.  On information and belief, many users of and purchasers through Amazon's Applications reside in this District.

18.     Amazon's Applications also include a bar-code scanning feature designed for consumers' ease of use, through which users may purchase products from Defendant Amazon. Defendant Amazon offers thousands of products for sale, including books, computer software, video games, electronics, apparel, furniture, food, and toys.

19.     Upon information and belief, Defendant Amazon has directed, controlled, encouraged, and incentivized customers to use the bar-code scanning feature of Amazon's Applications through its marketing activities.

20.     For example, in its August 4, 2009 Press Release, Defendant Amazon stated "Amazon Remembers is available on Amazon's family of shopping applications, including the

6

Amazon App for iPhone and iPod Touch, the Amazon App for BlackBerry, and now on the Amazon App for Android. Using the Amazon App for Android, customers can snap a photo of a product or scan a barcode for a fun and easy way to build a list of photographs showing products they want to remember for later, make price comparisons across multiple merchants, and purchase products from Amazon.com and thousands of other retailers on the Amazon.com site – without ever using the keyboard."

21.    For further example, in its November 22, 2010 Press Release, Defendant Amazon stated "Using Price Check by Amazon is fast and simple. For example, a customer may be shopping for a toy in a toy store and decide to compare the in-store price of the item to Amazon.com and other online merchants using Price Check. The customer scans the barcode on the toy and within seconds, the app displays prices sorted from lowest to highest. When available, the results show the Amazon.com price - with eligibility for FREE Super Saver Shipping or FREE Two-Day Shipping with Amazon Prime - and prices from Amazon.com's other online merchants. The customer can then decide whether to purchase the toy in the store or make a purchase directly through the app using Amazon.com's secure checkout, for delivery directly to their doorstep."

22.    For further example, on information and belief, on December 10, 2011, Defendant Amazon gave customers using Amazon's Price Check Application an additional 5% discount off the Amazon price. In its December 6, 2011 Press Release, Defendant Amazon stated that "the simple act of price checking while shopping in physical retail stores will get customers an additional 5% discount (up to $5) off Amazon's price" and that "Amazon's barcode scanner will match an item and provide pricing from Amazon.com and other online merchants in seconds."

7

23.    For further example, in its December 8, 2011 Press Release, Defendant Amazon announced its Amazon Student App.   Amazon stated "Amazon Student members traded in enough books to reach the top of Mount Everest, twice. Trading in is easy with the Amazon Student app. Students scan the items they no longer need, ship eligible items for free, and get an Amazon.com Gift Card, which can be used towards millions of eligible items, including holiday gifts for friends and family."

24.    On information and belief, Defendant Amazon, through its website, offers for sale a variety of mobile applications.   These mobile applications contain features including bar-code scanning.   On its website, Amazon.com, for example, Defendant Amazon offers the Amazon Mobile, the Amazon Price Check, Amazon Student, and AmazonFresh applications for the user to download.   In presenting the user the option to download, Defendant Amazon instructs the user how to scan a barcode and touts the benefits of the bar-code scanning feature.

25.    For further example, Defendant Amazon sells the Amazon Mobile Application in its Appstore for Android on its website, Amazon.com.   On the Amazon Mobile Application product page, Amazon states that "To make on-the-go shopping and price comparison even easier, the Amazon Mobile App includes helpful shopping features that allow users to quickly check prices and availability by scanning a barcode…"   Defendant Amazon further instructs

users how to use the bar-code scanning feature by, for example, showing the following:



Scan barcodes to search for and save things using Amazon
Remembers

## **Defendant AmazonFresh LLC**

26.     On information and belief, Defendant AmazonFresh is a subsidiary of Defendant Amazon.  Defendant AmazonFresh is a grocery delivery service.

27.     Defendant AmazonFresh developed mobile applications for Defendant Amazon ("AmazonFresh's Applications") that include a bar-code scanning feature.  All purchases made on AmazonFresh's Applications are routed through Defendant Amazon's secure servers.

28.     Defendant AmazonFresh operates and maintains – or controls and directs – the operation and maintenance of its mobile applications. AmazonFresh's Applications are designed to operate on a specific type of mobile phone platform (i.e. when Defendant AmazonFresh releases each version of its application, it knows that the version can only be used on a particular type of mobile phone platform).  When the bar-code scanning feature of these applications is triggered, the applications are designed to function in a way as to meet all of the elements of the claimed invention.

9

29.     The bar-code scanning feature of AmazonFresh's Applications is designed to conveniently aim, capture, and decode bar-coded information using a smartphone device. The feature uses the smartphone's digital camera and screen to display a target of interest that allows consumers to easily aim the device at the target. It is well known that these applications are designed to take advantage of a smartphone's camera. The target is captured and the bar-coded information is decoded. This decoded information is used to search for products, and the result is outputted to the smartphone's display. Defendant AmazonFresh encourages consumers to scan grocery items for purchase. After scanning an item, consumers are directed to offerings from Defendant AmazonFresh. Defendant AmazonFresh offers thousands of grocery products for sale.

30.     Upon information and belief, Defendant AmazonFresh has directed, controlled, and encouraged customers to use the bar-code scanning feature of AmazonFresh's Applications through its marketing activities.

31.     On its website, for example, AmazonFresh instructs customers that the "Barcode Search lets you scan favorite items to quickly add them to your cart."

**Defendants A9 Inc. and A9 LLC**

32.    Upon information and belief, Defendant A9 Inc. is a subsidiary of Defendant Amazon and Defendant A9 LLC is a subsidiary of Defendant A9 Inc.  Defendant A9 Inc and Defendant A9 LLC develop mobile applications for Defendant Amazon, including, but not limited to, "Flow," that include a bar-code scanning feature ("A9's Applications").

33.    Defendant A9 Inc. and/or Defendant A9 LLC operate and maintain – or control and direct – the operation and maintenance of its mobile applications.  A9's Applications are designed to operate on a specific type of mobile phone platform (i.e. when Defendants A9 Inc. and A9 LLC release each version of a application, Defendants A9 Inc. and A9 LLC know that the version can only be used on a particular type of mobile phone platform).  When the bar-code scanning feature of these applications is triggered, the applications are designed to function in a way as to meet all of the elements of the claimed invention.

34.    The bar-code scanning feature of A9's Applications is designed to conveniently aim, capture, and decode bar-coded information using a smartphone device.  The feature uses the smartphone's digital camera and screen to display a target of interest that allows consumers to easily aim the device at the target.  It is well known that these applications are designed to take advantage of a smartphone's camera.  The target is captured and the bar-coded information is decoded.  This decoded information is used to search for products and the result is outputted to the smartphone's display.  Defendants A9 Inc and/or A9 LLC encourage consumers to scan products such as books, video games, DVDs, CDs and cereal boxes.  After scanning an item, consumers are directed to offerings from Defendant Amazon.  Defendant Amazon offers

11

thousands of products for sale, including books, computer software, video games, electronics, apparel, furniture, food, and toys.

35.     Upon information and belief, Defendants A9 Inc and A9 LLC have directed, controlled, and encouraged customers to use the bar-code scanning feature of the A9's Applications through its marketing activities.

36.     For example, A9's Application, Flow, instructs users how to scan a barcode.



**Defendant Quidsi**

37.     Defendant Quidsi is a subsidiary of Defendant Amazon and operates the websites BeautyBar.com, Diapers.com, and Soap.com. Defendant Quidsi is one of the fastest growing e-commerce companies in the United States. Defendant Quidsi has developed mobile applications for a variety of mobile phone platforms that allow consumers to purchase products from these websites.

38.     Defendant Quidsi operates and maintains – or controls and directs – the operation and maintenance of its mobile applications, including, but not limited to, BeautyBar.com, Diapers.com, and Soap.com, ("Quidsi's Applications"). Quidsi's Applications are designed to operate on a specific type of mobile phone platform (i.e. when Defendant Quidsi releases each version of its application, it knows that the version can only be used on a particular type of mobile phone platform). When the bar-code scanning feature of these applications is triggered, the applications are designed to function in a way as to meet all of the elements of the claimed invention.

39.     Quidsi's Applications include a bar-code scanning feature designed to conveniently aim, capture, and decode bar-coded information using a smartphone device. The feature uses the smartphone's digital camera and screen to display a target of interest that allows consumers to easily aim the device at the target. It is well known that these applications are designed to take advantage of a smartphone's camera. The target is captured, and the bar-coded information is decoded. This decoded information is used to search for products, and the result is outputted to the smartphone's display. Defendant Quidsi encourages consumers to search for

products by scanning barcodes associated with products, such as soap and diapers. After scanning an item, consumers are directed to offerings from one of Defendant Quidsi's websites. Defendant Quidsi's websites offer baby care, health, beauty, and household items.

40.     Upon information and belief, Defendant Quidsi has directed, controlled, and encouraged customers to use the bar-code scanning feature of the Quidsi's Applications through its marketing activities.

### The Hand Held Patent – U.S. 6,015,088

41.     Hand Held is the owner of all rights, title, and interest in, to, and of United States Patent No. 6,015,088, entitled "Decoding of Real Time Video Imaging," duly and legally issued on January 18, 2000 ("the '088 patent"). Hand Held possesses all rights of recovery under the '088 patent, including the right to recover for past infringement. A true and correct copy of the '088 patent is attached to this Complaint as Exhibit A.

42.     The '088 patent describes an apparatus and a process for allowing various imaging devices, such as digital cameras on smartphones, to conveniently aim, capture, and decode bar-code information. The patented invention allows the target of interest to be imaged and displayed on the screen prior to decoding any bar-code information so as to easily capture the image and decode any bar-coded information contained therein.

43.     Hand Held has the exclusive right under 35 U.S.C. § 154(a)(1) to exclude others from making, using, offering for sale, or selling its patented product, including the right to bring this action for injunctive relief and damages.

14

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,015,088 BY AMAZON

44.     Hand Held hereby restates and realleges the allegations set forth in Paragraphs 1-43 above and incorporates them by reference.

45.     Upon information and belief, Defendant Amazon manufactures, sells, offers for sale, distributes, markets, advertises, and/or imports products covered by the '088 patent throughout the United States, including in this District.

46.     Amazon's Applications include a bar-code scanning feature that images a target of interest, displays the target of interest, captures the target of interest, decodes bar-coded information included therein, and outputs the decoded bar-code information.

47.     Defendant Amazon specifically designs each of Amazon's Applications to operate on only specific mobile platforms.  Defendant Amazon owns, operates, and maintains – or controls and directs – Amazon's Applications.

48.     Defendant Amazon, as demonstrated by its marketing activities, directs, controls, encourages and incentivizes customers to use the Amazon Applications.

49.     Defendant Amazon has infringed and continues to infringe, at least directly, the '088 patent by, *inter alia*, its own practice of the claimed invention, and/or by directing and controlling others to practice the claimed invention.

50.     Defendant Amazon infringes the '088 patent by manufacturing, selling, offering for sale, and/or importing Amazon's Applications.  Defendant Amazon also supplies through its

website several bar-code scanning applications, the use of which Defendant Amazon promotes and facilitates.

51.     Defendant Amazon is liable for infringement under 35 U.S.C. §271, including, at least, direct infringement of the '088 patent, both literally and under the doctrine of equivalents.

52.     Defendant Amazon does not have a license or permission to use the subject matter claimed in the '088 patent.

53.     As a direct and proximate result of Defendant Amazon's acts of infringement of the '088 patent, Hand Held has suffered and continues to suffer injury and damage for which it is entitled to relief in an amount to be proven at trial, including, but not limited to, monetary recovery of lost profits on Defendant Amazon's infringing sales and, in any event, no less than a reasonable royalty to compensate for Defendant Amazon's infringement.

54.     The infringement by Defendant Amazon has and will deprive Hand Held of profits, sales, royalties, and other related revenue which Hand Held would have made or would enjoy in the future, has injured Hand Held in other respects, and will cause Hand Held added injury and damage, including loss of royalties and other related revenue in the future.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 6,015,088 BY AMZN

55.     Hand Held hereby restates and realleges the allegations set forth in Paragraphs 1-54 above and incorporates them by reference.

56.     Upon information and belief, Defendant AMZN manufactures, sells, offers for sale, distributes, markets, advertises, and/or imports products covered by the '088 patent throughout the United States, including in this District.

57.     Amazon's Applications include a bar-code scanning feature that images a target of interest, displays the target of interest, captures the target of interest, decodes bar-coded information included therein, and outputs the decoded bar-code information.

58.     Defendant AMZN specifically designs each of Amazon's Applications to operate on only specific mobile platforms.  Defendant AMZN owns, operates, and maintains – or controls and directs – Amazon's Applications.

59.     Defendant AMZN, as demonstrated by its marketing activities, directs, controls, encourages and incentivizes customers to use Amazon's Applications.

60.     Defendant AMZN has infringed and continues to infringe, at least directly, the '088 patent by, *inter alia*, its own practice of the claimed invention, and/or by directing and controlling others to practice the claimed invention.

61.     Defendant AMZN is liable for infringement under 35 U.S.C. §271, including, at least, direct infringement of the '088 patent, both literally and under the doctrine of equivalents.

17

62.     Defendant AMZN does not have a license or permission to use the subject matter claimed in the '088 patent.

63.     As a direct and proximate result of Defendant AMZN's acts of infringement of the '088 patent, Hand Held has suffered and continues to suffer injury and damage for which it is entitled to relief in an amount to be proven at trial, including, but not limited to, monetary recovery of lost profits on Defendant AMZN's infringing sales and, in any event, no less than a reasonable royalty to compensate for Defendant AMZN's infringement.

64.     The infringement by Defendant AMZN has and will deprive Hand Held of profits, sales, royalties, and other related revenue which Hand Held would have made or would enjoy in the future, has injured Hand Held in other respects, and will cause Hand Held added injury and damage, including loss of royalties and other related revenue in the future.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 6,015,088 BY AMAZONFRESH

65.     Hand Held hereby restates and realleges the allegations set forth in Paragraphs 1-64 above and incorporates them by reference.

66.     Upon information and belief, Defendant AmazonFresh manufactures, sells, offers for sale, distributes, markets, advertizes, and/or imports products covered by the '088 patent in the United States.

67.     AmazonFresh's Applications include a bar-code scanning feature that images a target of interest, displays the target of interest, captures the target of interest, decodes bar-coded information included therein, and outputs the decoded bar-code information.

68.     Defendant AmazonFresh specifically designs each of AmazonFresh's Applications to operate on only specific mobile platforms.  AmazonFresh owns, operates, and maintains – or controls and directs –AmazonFresh's Applications.

69.     Defendant AmazonFresh, as demonstrated by its marketing activities, directs, controls, and encourages customers to use AmazonFresh's Applications.

70.     AmazonFresh has infringed and continues to infringe, at least directly, the '088 patent by, *inter alia*, its own practice of the claimed invention, and/or by directing or controlling others to practice the claimed invention.

RLF1 6126170v. 1

71.     Defendant AmazonFresh is liable for infringement under 35 U.S.C. §271, including, at least, direct infringement of the '088 patent, both literally and under the doctrine of equivalents.

72.     Defendant AmazonFresh does not have a license or permission to use the subject matter claimed in the '088 patent.

73.     As a direct and proximate result of Defendant AmazonFresh's acts of infringement of the '088 patent, Hand Held has suffered and continues to suffer injury and damage for which it is entitled to relief in an amount to be proven at trial, including, but not limited to, monetary recovery of lost profits on Defendant AmazonFresh's infringing sales and, in any event, no less than a reasonable royalty to compensate for Defendant AmazonFresh's infringement.

74.     The infringement by Defendant AmazonFresh has and will deprive Hand Held of profits, sales, royalties, and other related revenue which Hand Held would have made or would enjoy in the future, has injured Hand Held in other respects, and will cause Hand Held added injury and damage, including loss of royalties and other related revenue in the future.

RLF1 6126170v. 1

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 6,015,088 BY A9 INC AND A9 LLC

75.     Hand Held hereby restates and realleges the allegations set forth in Paragraphs 1-74 above and incorporates them by reference.

76.     Upon information and belief, Defendants A9 Inc and A9 LLC manufactures, sells, offers for sale, distributes, markets, advertizes, and/or imports products covered by the '088 patent throughout the United States, including in this District.

77.     A9's Applications include a bar-code scanning feature that images a target of interest, displays the target of interest, captures the target of interest, decodes bar-coded information included therein, and outputs the decoded bar-code information.

78.     Defendants A9 Inc. and A9 LLC specifically design each of A9's Applications to operate on only specific mobile platforms.  Defendants A9 Inc and A9 LLC own, operate, and maintain – or control and direct – A9's Applications.

79.     Defendants A9 Inc. and A9 LLC, as demonstrated by its marketing activities, direct, control, and encourage customers to use A9's Applications.

80.     Defendants A9 Inc and A9 LLC have infringed and continue to infringe, at least directly, the '088 patent by, *inter alia*, its own practice of the claimed invention, and/or by directing and controlling others to practice the claimed invention.

81.     Defendants A9 Inc. and A9 LLC are liable for infringement under 35 U.S.C. §271, including, at least, direct infringement of the '088 patent, both literally and under the doctrine of equivalents.

82.     Defendants A9 Inc. and A9 LLC do not have a license or permission to use the subject matter claimed in the '088 patent.

83.     As a direct and proximate result of Defendants A9 Inc. and A9 LLC's acts of infringement of the '088 patent, Hand Held has suffered and continues to suffer injury and damage for which it is entitled to relief in an amount to be proven at trial, including, but not limited to, monetary recovery of lost profits on Defendants A9 Inc.'s and A9 LLC's infringing sales and, in any event, no less than a reasonable royalty to compensate for Defendants A9 Inc's and A9 LLC's infringement.

84.     The infringement by Defendants A9 Inc and A9 LLC has and will deprive Hand Held of profits, sales, royalties, and other related revenue which Hand Held would have made or would enjoy in the future, has injured Hand Held in other respects, and will cause Hand Held added injury and damage, including loss of royalties and other related revenue in the future.

RLF1 6126170v. 1

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 6,015,088 BY QUIDSI

85.     Hand Held hereby restates and realleges the allegations set forth in Paragraphs 1-84 above and incorporates them by reference.

86.     Upon information and belief, Defendant Quidsi manufactures, sells, offers for sale, distributes, markets, advertises, and/or imports products covered by the '088 patent throughout the United States, including in this District.

87.     Quidsi's Applications include a bar-code scanning feature that images a target of interest, displays the target of interest, captures the target of interest, decodes bar-coded information included therein, and outputs the decoded bar-code information.

88.     Defendant Quidsi specifically designs each of Quidsi's Applications to operate on only specific mobile platforms. Defendant Quidsi owns, operates, and maintains – or controls and directs – Quidsi's Applications.

89.     Defendant Quidsi, as demonstrated by its marketing activities, directs, controls, encourages and incentivizes customers to use Quidsi's Applications.

90.     Defendant Quidsi has infringed and continues to infringe, at least directly, the '088 patent by, *inter alia*, its own practice of the claimed invention, and/or by directing and controlling others to practice the claimed invention.

91.     Defendant Quidsi is liable for infringement under 35 U.S.C. §271, including, at least, direct infringement of the '088 patent, both literally and under the doctrine of equivalents.

23

92.     Defendant Quidsi does not have a license or permission to use the subject matter claimed in the '088 patent.

93.     As a direct and proximate result of Defendant Quidsi's acts of infringement of the '088 patent, Hand Held has suffered and continues to suffer injury and damage for which it is entitled to relief in an amount to be proven at trial, including, but not limited to, monetary recovery of lost profits on Defendant Quidsi's infringing sales and, in any event, no less than a reasonable royalty to compensate for Defendant Quidsi's infringement.

94.     The infringement by Defendant Quidsi has and will deprive Hand Held of profits, sales, royalties, and other related revenue which Hand Held would have made or would enjoy in the future, has injured Hand Held in other respects, and will cause Hand Held added injury and damage, including loss of royalties and other related revenue in the future.

RLF1 6126170v. 1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of a judgment against Defendants as follows:

a.      That each Defendant has infringed the asserted patents;

b.      That each Defendant, and its respective agents, servants, officers, directors, employees, and all persons acting in concert with it, directly or indirectly, be permanently enjoined from infringing the asserted patent;

c.      That each Defendant account for and pay to Hand Held damages adequate to compensate Hand Held for each Defendant's conduct and future conduct, in an amount to be proven at trial, together with interest and costs as fixed by the Court; and

d.      That Hand Held be awarded such other and further relief as the Court may deem just and equitable.

## JURY TRIAL DEMAND

Hand Held hereby demands a trial by jury on all issues triable by a jury.

OF COUNSEL:

Martin R. Lueck
Matthew L. Woods
Lars P. Taavola
Larina A. Alton
Robins, Kaplan, Miller & Ciresi L.L.P.
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
612-349-8500
mrlueck@rkmc.com
mlwoods@rkmc.com
lptaavola@rkmc.com
laalton@rkmc.com

*/s/ Elizabeth R. He*
Frederick L. Cottrell, III (#2555)
Elizabeth R. He (#5345)
Richards, Layton & Finger, P.A.
One Rodney Square
920 N. King Street
Wilmington, DE  19801
cottrell@rlf.com
he@rlf.com

*Attorneys for Plaintiff*
*Hand Held Products, Inc.*

25