**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HAND HELD PRODUCTS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No.: 12-CV-00768-RGA-MPT |
| | ) |
| AMAZON.COM, INC., AMZN MOBILE LLC, | ) |
| AMAZONFRESH LLC, A9.COM, INC., | ) |
| A9 INNOVATIONS LLC, AND QUIDSI, INC. | ) |
| | ) |
| Defendants. | ) |
| | ) |

## REPORT AND RECOMMENDATION

### I.  Introduction

Plaintiff, Hand Held Products, Inc. ("Plaintiff") brought this action against

Amazon.com, Inc. ("Amazon"), and five subsidiary companies, AMZN Mobile LLC

("AMZN"), AmazonFresh LLC ("AmazonFresh"), A9.com, Inc. ("A9 Inc."), A9 Innovations

LLC ("A9 LLC"), and Quidsi, Inc. ( collectively "Defendants").

Plaintiff alleges Defendants infringed its U.S. Patent No. 6,015,088 ("the '088

patent") directly, by contributing to infringement, by inducing others to infringe, and with

willfulness, and seeks monetary damages, attorney's fees, and to permanently enjoin

them from continued infringement.

Presently before the court is Defendants' motion to dismiss[1] Plaintiff's

---

[1] D.I. 16.

supplemental complaint,[2] pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P. ")

12(b)(6) for failing to state a claim upon which relief can be granted.

## II.  Jurisdiction and Venue

Pursuant to 28 U.S.C. § 1338(a), this court has original jurisdiction as this matter

relates to patents.

Pursuant to 28 U.S.C. § 1391(d) and §1400(b), venue properly exists in this court

because Plaintiff and Defendants are companies organized under the laws of Delaware.

## III.  Parties Positions

### A.  Defendants' Position.

Defendants maintain Plaintiff's supplemental complaint is insufficient to state a

claim for direct and indirect infringement.  In regard to direct infringement, Defendants

assert Plaintiff "d[id] not comply with either Form 18 or *Twombly*."[3]  Defendants

continue, "the direct infringement claims against [them] are [ ] entirely conclusory."[4]

Thus, Defendants' argue "the allegations made . . . are wholly implausible,"[5] and the

supplemental complaint should be dismissed.

With respect to indirect infringement, Defendants postulate they do not

"selectively capture"[6] barcodes and only "capture and decode barcode information," and

therefore, cannot be contributory infringers.  Defendants' argument against inducement

is equivalent to contributory infringement.  They additionally argue Plaintiff's allegations

---

[2] D.I. 11, ex. A.
[3] D.I. 17 at 17.
[4] D.I. 17 at 16.
[5] D.I. 17 at 18.
[6] D.I. 17 at 11.

of indirect infringement do not comport with *Twombly*[7] and *Iqbal*,[8] and there are not

sufficient facts alleged in the supplemental complaint to make a plausible claim for

indirect infringement.

### B. Plaintiff's Contentions.

Plaintiff counters its supplemental complaint contains "sufficient - indeed ample -

factual allegations . . . for direct infringement."[9]  Plaintiff embraces the Federal Circuit's

ruling in *In re Bill of Lading*[10] for the proposition that complying with Form 18 is sufficient

to establish a claim for direct infringement.  Plaintiff states it complies with Form 18.

Plaintiff contests that the supplemental complaint does not provide enough facts

to make a plausible claim for indirect infringement.  Plaintiff points out the supplemental

complaint pleads the facts necessary for a plausible inference of indirect infringement.

Further, Plaintiff avers Defendants are attempting to "force claim construction at the

pleading stage."[11]

## III.  Legal Standard

### A.  Motion to Dismiss

In analyzing a motion to dismiss under Rule 12(b)(6), a review of FED. R. CIV. P.

8(a)(2) is necessary.  Rule 8(a)(2) requires a pleading to contain a "short and plain

statement of the claim showing that the pleader is entitled to relief."  That standard

"does not require 'detailed factual allegations,' but . . . demands more than an

---

[7] *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007).
[8] *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).
[9] D.I. 19 at 8.
[10] *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012).
[11] D.I. 19 at 11.

unadorned, the-defendant-unlawfully-harmed-me accusation."[12]  Thus, to survive a

motion to dismiss under Rule 12(b)(6), a complaint "must contain sufficient factual

matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[13]  The

purpose of a Rule 12(b)(6) motion to dismiss is to test the sufficiency of a complaint, not

to resolve disputed facts or decide the merits of the case.[14]  Evaluating a motion to

dismiss requires the court to accept as true all material allegations of the complaint.[15]

"The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is

entitled to offer evidence to support the claims."[16]  A motion to dismiss may be granted

only if, after, "accepting all well-pleaded allegations in the complaint as true, and viewing

them in the light most favorable to the plaintiff, plaintiff is not entitled to relief."[17]

To survive a motion to dismiss under Rule 12(b)(6), however, the factual

allegations must be sufficient to "raise a right to relief above the speculative level, on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)."[18]

A plaintiff is obliged "to provide the 'grounds' of his 'entitle[ment] to relief'" beyond

"labels and conclusions."[19]  Heightened fact pleading is not required:  rather "enough

facts to state a claim to relief that is plausible on its face" must be alleged.[20]

The plausibility standard does not rise to a "probability requirement," but requires

---

[12] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007)).

[13] *Id. (*citing *Twombly*, 550 U.S. 544, 570 (2007)); *see* Fed. R. Civ. P. 12(b)(6).

[14] *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).

[15] *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).

[16] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotation marks and citation omitted).

[17] *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000) (internal quotation marks and citations omitted).

[18] *Twombly*, 550 U.S. at 555; *See also Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007).

[19] *Id.*

[20] *Id.* at 570.

"more than a sheer possibility that a defendant has acted unlawfully."[21]  Rejected are
unsupported allegations, "bald assertions," or "legal conclusions."[22]  Further, "the tenet
that a court must accept as true all of the allegations contained in a complaint is
inapplicable to legal conclusions."[23]  Moreover, "only a complaint that states a plausible
claim for relief survives a motion to dismiss," which is a "context-specific task that
requires the reviewing court to draw on its judicial experience and common sense."[24]
Thus, well-pled facts which only infer the "mere possibility of misconduct," do not show
that "'the pleader is entitled to relief,'" under Rule 8(a)(2).[25]  "When there are well-
pleaded factual allegations, a court should assume their veracity and then determine
whether they plausibly give rise to an entitlement of relief."[26]

### B.  Direct Infringement

In *McZeal v. Sprint Nextel, Corp.*,[27] the Federal Circuit held that FED. R. CIV. P.
Form 18[28] is sufficient to state a claim of direct infringement.  This finding was reiterated
in *In re Bill of Lading Trans. & Proc. Sys. Patent Litig.*,[29] where the court stated "to the
extent . . . that *Twombly* and its progeny conflict with the Forms and create different

---

[21] *Iqbal*, 129 S. Ct. at 1949.

[22] *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *See also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted); *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light* Co., 113 F.3d 405, 417 (3d Cir. 1997) ("unsupported conclusions and unwarranted inferences" are insufficient); *Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996) (allegations that are "self-evidently false" are not accepted).

[23] *Iqbal*, 129 S. Ct. at 1949; *See also Twombly*, 550 U.S. at 555 (a court is "not bound to accept as true a legal conclusion couched as a factual allegation").

[24] *Id.* at 1950.

[25] *Id.*

[26] *Id.*

[27] 501 F.3d 1354, 1356 (Fed. Cir. 2007).

[28] Form 18 is the descendant of Form 16 discussed in *McZeal*.  Form 18 became effective December 1, 2007.

[29] 681 F.3d 1323, 1334-35 (Fed. Cir. 2012).

pleading requirements, the Forms control."[30]  Thus, in order to adequately plead direct

infringement the complaint need only recite:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that the defendant has been infringing the patent 'by making, selling and using [the device] embodying the patent'; (4) a statement that the plaintiff has given notice of its infringement; and (5) a demand for an injunction and damages.[31]

### C.  Indirect Infringement

As a precursor to stating a claim for indirect infringement, inducement or

contributory infringement, a plaintiff must  "plead facts sufficient to allow an inference

that at least one direct infringer exist."[32]  A plaintiff "need not identify a *specific* direct

infringer."[33]  Once there are facts sufficient to allow an inference of direct infringement,

the court will then look at the individual requirements necessary to plead inducement

and contributory infringement.

#### 1.  Inducement

Under 35 U.S.C. §271(b), "[w]ho ever actively indues infringement of a patent

shall be liable as an infringer."

"Inducement requires 'that the alleged infringer knowingly induced infringement

and possessed specific intent to encourage another's infringement.'"[34]  A plaintiff must

aver  "the alleged infringer had 'knowledge that the induced acts constitute patent

---

[30] *Id.* at 1334.
[31] *In re Bill of Lading*, 681 F.3d at 1334 (citing *McZeal*, 501 F.3d at 1357).
[32] *Id.* at 1336.
[33] *Id.*
[34] *DSU Medical Corp. v. JMS Co., Ltd*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (quoting *MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369, 1378 (Fed. Cir. 2005) (quoting *Minn. Mining & Mfg. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002) (citations omitted))).

infringement.'"[35]  This element inherently requires the alleged infringer have knowledge

of the patent, and "knew or should have know [their] actions would induce actual

infringement."[36]  For inducement, a plaintiff must assert "culpable conduct, directed to

encourage another's infringement, not merely that the inducer had knowledge of the

direct infringer's activities."[37]  The culpable conduct may be plead circumstantially.[38]

Further, a court must apply *Twombly* and *Iqbal* in determining whether the

requisite knowledge and specific intent have been properly pled.[39]  The "complaint must

contain facts 'plausibly showing that [the alleged indirect infringer] specifically intended

[the direct infringer] to infringe [the patent] and knew that the [direct infringer's] acts

constituted infringement.'"[40]

## 2.  Contributory infringement

Under 35 U.S.C. §271(c):

> Whoever offers to sell or sells within the United States or imports into the
> United States a component of a patented machine, manufacture,
> combination or composition, or a material or apparatus for use in
> practicing a patented process, constituting a material part of the invention,
> knowing the same to be especially made or especially adapted for use in
> an infringement of such patent, and not a staple article or commodity of
> commerce suitable for substantial noninfringing use, shall be liable as a
> contributory infringer.

A plaintiff, therefore, must aver an alleged infringer (1) offered to sell, sells, or

imports, (2) a material part of an patented invention, (3) knew of the patented invention,

---

[35] *Pragmatus AV, LLC v. Yahoo!, Inc.*, No. 11-902-LPS-CJB, 2012 WL 6044793, at *13 (D. Del. Nov. 13, 2012) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011)).
[36] *DSU Medical Corp*, 471 F.3d 1306.
[37] *Id.*
[38] *Id.* (quoting *Water Tech. Corp. v. Calco, Ltd.*, 850 F.2d 660, 668 (Fed. Cir. 1988)).
[39] *In re Bill of Lading*, 681 F.3d at 1336-37 (internal citations and footnotes omitted).
[40] *Pragmatus AV*, 2012 WL 6044793, at *14 (citing *In re Bill of Lading*, 681 F.3d at 1339).

(4) knew the part was made for, or adapted to use, in a patented invention, and (5) the

part has no substantial noninfringing use.[41]  Similarly with inducement, the court must

apply *Twombly* and *Iqbal* to determine whether sufficient facts have been alleged to

make a plausible claim for contributory infringement.

      With respect to elements (3) and (4), the pleading may use the same knowledge

for contributory infringement as under inducement, because the knowledge for

inducement is the same knowledge for contributory infringement.[42]  Therefore, when a

plaintiff has plead sufficient facts to show knowledge of inducement, sufficient facts to

show knowledge of contributory infringement has also been pled.  For element (5), a

plaintiff must assert "facts that allow an inference that the [parts] . . . have no substantial

non-infringing uses."[43]  A substantial non-infringing use is one that is "not unusual, far-

fetched, illusory, impractical, occasional, aberrant, or experimental."[44]

### D.  Willfulness

      In *In re Seagate Technology, LLC*[45] the Federal Circuit established a two-prong

standard for willfulness.  The first prong is an objective standard which states:

> [T]o establish willful infringement, a patentee must show by clear and
> convincing evidence that the infringer acted despite an objectively high
> likelihood that its actions constituted infringement of a valid patent. The
> state of mind of the accused infringer is not relevant to this objective
> inquiry.[46]

The second prong is subjective and "hinges on the fact finder's assessments of the

---

[41] *See Walker Digital, LLC v. Facebook, Inc.*, 852. F.Supp. 2d 559, 566 (D. Del. 2012).
[42] *See Global-Tech Appliances*, 131 S.Ct. at 2068.
[43] *In re Bill of Landing*, 681 F.3d at 1338.
[44] *Id.* (quoting *Vita-Mix Corp. V. Basic Holdings, Inc.*, 581 F.3d 1317, 1327-29 (Fed. Cir. 2009)).
[45] 497 F.3d 1360 (Fed. Cir. 2007).
[46] *Id.* at 1371.

credibility of witnesses."[47]   To establish the second prong, the patentee must show:

> that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer.[48]

## IV. Adequacy of the Supplemental Complaint[49]

### A.  Direct Infringement

Plaintiff, in its supplement complaint,[50] adequately pleads direct infringement against Defendants.

Plaintiff has fulfilled the first two requirements for direct infringement.  Plaintiff has provided sufficient facts for jurisdiction by showing:  this matter relates to a patent; defendants are companies organized under the laws of the State of Delaware;[51] and the alleged infringing activity occurred in this jurisdiction.[52]  Plaintiff alleges it was assigned the patent.[53]  Thus, the first two elements of direct infringement are fulfilled.

Regarding the third requirement for direct infringement, Plaintiff asserts defendants Amazon and AMZN "operate, and maintain - or control and direct"[54] three products, Amazon Mobile, Amazon Price Check, and Amazon Student (collectively "Amazon Applications"), and when used to read barcodes "function[ ] in a way"[55] as to

---

[47] *Walker Digital*, 852 F.Supp. 2d at 567.
[48] *Id.* (citing *In re Seagate Technologies, LLC*, 497 F.3d at 1371).
[49] D.I. 11, Ex. A.
[50] *Id.*
[51] *Id.* at ¶¶ 4-9.
[52] *Id.* at ¶¶ 10-13.
[53] *Id.* at ¶ 2.
[54] *Id.* at ¶ 16.
[55] *Id.*

infringe.  Plaintiff alleges AmazonFresh developed or made mobile applications[56] that when used to read barcodes "meet all of the elements of the claimed invention."[57] Plaintiff contends A9 Inc. and A9 LLC developed, operate, and maintain a mobile application called "Flow" that when used to read barcodes infringes.[58]  Plaintiff claims Quidsi creates and uses mobile applications (Beautybar.com, Diapers.com, Soap.com, Wag.com, and YoYo.com) that when used to read barcodes also infringe.[59]

The Federal Circuit has made clear a plaintiff need not "plead facts establishing that each element of an asserted claim is met."[60]  "A bare allegation of literal infringement in accordance with Form [18] [is] sufficient under Rule 8 to state a claim."[61] Furthermore, the Federal Circuit stated in *In re Bill of Lading* that "to the extent the parties argue that *Twombly* and its progeny conflict with the Forms . . . the Forms control."[62]  Plaintiff makes allegations of literal infringement against each defendant,[63] and thus, thereby meets the third requirement for direct infringement.

With respect to the fourth requirement, Plaintiff notified Amazon and AMZN,[64] Amazon Fresh,[65] A9 Inc. and A9 LLC,[66] and Quidsi[67] on June 18, 2012 of infringement by correspondence to the parent corporation, Amazon.  Defendants subsequently

---

[56] *Id.* at ¶ 36.
[57] *Id.* at ¶ 37.
[58] *Id.* at ¶¶ 49-50.
[59] *Id.* at ¶¶ 61-62.
[60] *In re Bill of Lading*, 681 F.3d at 1335 (citing *McZeal*, 501 F.3d at 1357).
[61] *McZeal.* 501 F.3d at 1360 (Dyk, J., concurring-in-part and dissenting-in-part).
[62] *Id.* at 1334.
[63] D.I. 11, ex. A. at ¶¶ 76, 101, 125, 149,and 173.
[64] *Id.* at ¶ 28.
[65] *Id.* at ¶ 42.
[66] *Id.* at ¶ 54.
[67] *Id.* at ¶ 65.

acknowledged this communication.[68]  Plaintiff, therefore, has satisfied the fourth

requirement for direct Infringement.

Plaintiff makes a demand for injunctive relief and damages,[69] thereby satisfying

the fifth element, and perfecting a well-pled complaint against Defendants for direct

infringement.

## B.  Inducement

As stated above, all defendants had knowledge of the '088 patent on or before

June 18, 2012.  In order to determine whether inducement was properly pled, the court

must determine if Plaintiff has made a plausible showing that each defendant

specifically intended to encourage others to infringe, knowing the conduct to be

infringement.

### 1.  Amazon

Plaintiff has established a plausible claim of inducement against Amazon.

Plaintiff asserts Amazon, in a November 22, 2010 press release, encouraged customers

to scan barcodes on toys using an Amazon Application in retail stores to determine

whether the online price was lower than the in-store price.[70]  Plaintiff also claims

Amazon induced customers to infringe by giving them an additional 5% discount if they

used Amazon's price check application.[71]  Plaintiff further contends Amazon's

encouragement of customers to use Amazon student App[72] induced them to trade in

---

[68] *Id.* at ¶¶ 29, 43, 55, and 66.
[69] *Id.* at ¶ 45.
[70] *Id.* at ¶ 22.
[71] *Id.* at ¶ 23.
[72] *Id.* at ¶ 20.

11

enough books "to reach the top of Mount Everest, twice."[73]  Plaintiff maintains Amazon continues to encourage infringement by allowing customers to download and use the infringing products.[74] These facts, assumed to be true, present a plausible inference that Amazon knowingly encourages others to infringe.  Therefore, Plaintiff presents a valid claim of inducement against Amazon.

### 2.  AMZN

Plaintiff has asserted a plausible claim of inducement against AMZN.  As discussed under direct infringement, Plaintiff alleges AMZN operates and maintains Amazon Applications,[75] and provides instructions to customers to read barcodes in an infringing manner.[76]  After being notified of infringement, Plaintiff maintains AMZN continues to the present to "market and encourage customers to download Amazon's Applications."[77]  Such facts present a reasonable inference that AMZN knowingly encourages others to infringe.  Therefore, Plaintiff has a sufficiently alleged inducement against AMZN.

### 3.  AmazonFresh

Plaintiff has shown a plausible claim of inducement against AmazonFresh, by contending it instructs customers to infringe by downloading a mobile application,[78] which enables a customer to scan barcodes using their smartphone.  Accordingly AmazonFresh encourages customers, through marketing activities, "to scan favorite

---

[73] *Id.* at ¶ 24.
[74] *Id.* at ¶ 29.
[75] *Id.* at ¶ 16.
[76] *Id.* at ¶ 27.
[77] *Id.* at ¶ 29.
[78] *Id.* at ¶ 41.

items quickly,"[79] and "continues to market and encourge customers" to infringe by downloading a mobile applications and using it to scan barcodes.[80]  Through these allegations, Plaintiff alleges a plausible inference that AmazonFresh knowingly encourages others to infringe.

### 4. A9 Inc.

Plaintiff has established a plausible claim of inducement against A9 Inc.  As noted previously, A9 Inc. developed, maintains, and controls a mobile application called Flow.[81]  According to Plaintiff, this application allows a customer to scan the barcode of products, such as "books, video games, DVDs, CDs, and cereal boxes."[82]  Plaintiff asserts A9 Inc. encourages customers to use the infringing barcode scanning feature though its marketing activities,[83] and provides customers with instructions on how to scan the barcodes.[84]  Moreover, A9 Inc. knew by June 18, 2012 that the Flow application infringed.  A9 Inc. continues to encourage customer infringement by releasing a new version of the Flow application on June 29, 2012.[85]  Therefore, Plaintiff presents valid claim of inducement against A9 Inc.

### 5. A9 LLC

Plaintiff asserts A9 LLC developed the infringing program, Flow, along with A9 Inc.[86]  In the supplemental complaint, Plaintiff avers the same facts against A9 LLC as

---

[79] *Id.* at ¶ 40.
[80] *Id.* at ¶ 43.
[81] *Id.* at ¶¶ 49-50.
[82] *Id.* at ¶ 51.
[83] *Id.* at ¶ 52.
[84] *Id.* at ¶ 53.
[85] *Id.* at ¶¶ 54-55.
[86] *Id.* at ¶ 49.

against A9 Inc.  As a result, Plaintiff has sufficiently alleged inducement against A9 LLC.

### 6.  Quidsi

Plaintiff has established a plausible claim of inducement against Quidsi.  Quidsi created several mobile applications for use on a smartphone that directly infringe the '088 patent.  Plaintiff maintains Quidsi encourages customers to infringe by "searching for products [online] by scanning barcodes associated with products."[87]  After scanning the barcode, the customer is directed to Quidsi's websites where the scanned product may be purchased.  According to the Plaintiff, Quidsi knew of the '088 patent on June 18, 2012, and encouraged continued infringement by releasing several more mobile applications on August 21, 2012 and September 5, 2012.[88]  Because Plaintiff alleges facts showing Quidsi knowingly encourages others to infringe, it has adequately pled inducement against Quidsi.

### C.  Contributory Infringement                          .

Plaintiff has a well-pled claim of contributory infringement against Defendants. Plaintiff alleges each individual defendant sells or offers to sell a mobile application that is a material part of the '088 patent.[89]  Plaintiff contends the material part is the use of an imaging device, a smartphone, "to conveniently aim, capture, and decode bar-code information."[90]  As stated above, the knowledge required for inducement is the same knowledge needed for contributory infringement, and because Plaintiff has adequately pled the knowledge required for inducement, it has similarly properly asserted

---

[87] *Id.* at ¶ 63.
[88] *Id.* at ¶ 66.
[89] *Id.* at ¶¶ 89, 113, 137, 161, and 185.
[90] *Id.* at ¶ 72.

knowledge for contributory infringement.[91]

Lastly, Plaintiff has properly averred there is no substantial noninfringing use.[92] The invention of the '088 patent is to "allow[ ] various devices, such as digital cameras on smartphones, to . . . aim, capture, and decode bar-code information, and"[93] Defendants' infringing mobile applications scan and decode barcodes using a smartphone, and then use information gleaned from the barcode to allow a customer to comparison shop with online prices.[94]  Thus, Plaintiff contends there is "no other substantial non-infringing use"[95] of the patented invention.

Applying the law interpreting Rule 12(b)(6), Plaintiff has a well-pled complaint for contributory infringement against Defendants.

### D.  Willfulness

At the pleading stage, a plaintiff alleging a cause of action for willful infringement must 'plead facts giving rise to at least a showing of objective recklessness of the infringement risk.'[96] 'Actual knowledge of infringement or the infringement risk is not necessary to plead a claim for willful infringement,' but the complaint must adequately allege 'factual circumstances in which the patents-in-suit [are] called to the attention' of the defendants.[97] The complaint must 'demonstrate[ ] a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement' were either known or were so obvious that they should have been known.[98, 99]

---

[91] Defendants knew of the patented invention, and knew their mobile applications were made or adapted for use in Plaintiffs invention.
[92] D.I. 11, ex. A. at ¶¶ 33, 47, 59, and 70.
[93] *Id.* at ¶ 73.
[94] *Id.* at ¶¶ 85, 109, 133, 157, and 181.
[95] *Id.* at ¶¶ 88, 112, 136, 160, and 184.
[96] *St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett–Packard Co.,* No. 10-425-LPS, 2012 WL 1134318, at *2–3 (D. Del. Mar. 28, 2012) (internal quotations omitted).
[97] *Id.*
[98] *Id.* at *3.
[99] *MONEC Holding AG v. Motorola Mobility, Inc.*, C.A. No. 11-798-LPS-SRF, 2012 WL 4340653, at *9 (D. Del. August 20, 2012).

Plaintiff provides sufficient factual allegations to state a claim of willful infringement against Defendants.  Plaintiff has shown Defendants' knowledge of the '088 patent as early as June 18, 2012,[100] and once aware, it was obvious their mobile applications risked infringement because those applications use a smartphone to capture, read, and decode barcodes.  Plaintiff maintains Defendants were reckless concerning the risk of infringement.

The factual allegations that infer an objectively high likelihood Defendants actions constituted infringement are as follows:  Plaintiff provided a copy of the '088 patent to Defendants;[101] Plaintiff described, in sufficient detail, how Amazon Applications, AmazonFresh Applications,  Flow mobile application, and Quidsi's Applications infringe;[102] after notice of infringement Amazon, AMZN, AmazonFresh, A9 Inc., A9 LLC, and Quidsi continued to market and encourage customers to download and use their infringing products with no instructions or directions to customers to prevent infringement;[103]

Sufficient facts are alleged to infer Defendants knew there was an objectively high likelihood that their continued actions would constitute infringement.

## V.  Conclusion

The crux of Defendants' position is they do not infringe, either directly or indirectly, because they do not "selectively capture" barcodes.[104]  Defendants attempt to

---

[100] *Id.* at ¶¶ 28-29, 42-43, 54-55, and 65-66.
[101] D.I. 11, ex. A.
[102] *Id.* (Plaintiff from ¶ 14 to ¶ 71 details how Defendants products are used and how the products infringe upon the patent-in-suit.)
[103] *Id.* at ¶¶ 29, 43, 55, and 66.
[104] D.I. 17, at 1-7, and 11-14.

surreptitiously have the court conduct claim construction as part of its analysis under Rule 12(b)(6), contrary to the purpose of the rule.  The analysis required is not to resolve disputed facts, nor decide the merits; rather, the examination is limited to testing the sufficiency of the complaint.

Plaintiff's non-conclusory factual allegations in support of its claims of direct and contributory infringement, inducement to infringe, and willfulness satisfies *Twombly*, *Iqbal*, and the requirements of Form 18.  Therefore, Defendants' motion to dismiss for failure to state a claim should be dismissed.

## VI.  Order and Recommended Disposition

For the reasons contained herein, this court recommends that:

Defendants' motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted (D.I. 16) be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen days after being served with a copy of this Report and Recommendation.[105] The objections and response to the objections are limited to ten pages each.

The parties are directed to the Court's standing Order in Non Pro Se matters for Objections Filed under  FED. R. CIV. P. 72, dated November 16, 2009, a copy of which is available on the Court's website, www.ded.uscourts.gov

---

[105] FED. R. CIV. P. 72(b)(2).

Date: February 6, 2012            /s/ Mary Pat Thynge                    
                                   UNITED STATES MAGISTRATE JUDGE