IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Hand Held Products, Inc.,<br><br>Plaintiff,<br><br>- v. -<br><br>Amazon.com, Inc;<br>AMZN Mobile LLC;<br>AmazonFresh LLC;<br>A9.com, Inc.;<br>A9 Innovations LLC;<br>and Quidsi, Inc.,<br><br>Defendants. | The Honorable Richard G. Andrews<br><br>The Honorable Mary Pat Thynge<br><br>C.A. No. 1:12-CV-00768-RGA-MPT<br><br>DEMAND FOR JURY TRIAL |

**DEFENDANTS' ANSWER TO SUPPLEMENTAL COMPLAINT**

Defendants Amazon.com, Inc., AMZN Mobile LLC, AmazonFresh LLC, A9.com, Inc., A9 Innovations LLC and Quidsi, Inc. ("Defendants"),[1] by their undersigned counsel, respond to the allegations asserted in Hand Held Products, Inc.'s ("HHP") Supplemental Complaint and Demand for a Jury Trial ("Complaint") as follows, denying those allegations and averments except those that are expressly admitted herein:

**PARTIES**

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 1 of the Complaint, and on that basis deny those allegations.

[1] Unless otherwise stated in this Answer, responses to allegations directed against an individual defendant are provided by that defendant only. To the extent any response is required by other defendants with respect to such allegations, the other defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and on that basis deny those allegations.

2. Defendants deny that they infringe any “patent developed by researchers at Welch Allyn, Inc.” or any other patent. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 2 of the Complaint, and on that basis deny those allegations.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 3 of the Complaint, and on that basis deny those allegations.

4. Defendant Amazon.com, Inc. (“Amazon”) admits that it is a Delaware corporation with a principal place of business in Seattle, Washington. Amazon further consents to jurisdiction and venue in this District for purposes of this action only. Amazon denies the remaining allegations of paragraph 4 of the Complaint.

5. Defendant AMZN Mobile LLC (“AMZN”) admits that it is a Delaware limited liability company with a principal place of business in Seattle, Washington. AMZN admits that is it a direct or indirect subsidiary of Amazon. AMZN further consents to jurisdiction and venue in this District for purposes of this action only. The allegation that “AMZN is controlled by Defendant Amazon, particularly with respect to legal matters” is vague and ambiguous, and on that basis AMZN denies that allegation.

6. Defendant AmazonFresh LLC (“AmazonFresh”) admits that it is a Delaware limited liability company with a principal place of business in Seattle, Washington. AmazonFresh admits that is it a direct or indirect subsidiary of Amazon. The allegation that “AmazonFresh is controlled by Defendant Amazon, particularly with respect to legal matters” is vague and ambiguous, and on that basis AmazonFresh denies that allegation.

7. Defendant A9.com, Inc. ("A9") admits that it is a Delaware corporation with a principal place of business in Palo Alto, California. A9 further admits that it is a direct or indirect subsidiary of Amazon, and consents to jurisdiction and venue in this District for purposes of this action only. The allegation that "A9 Inc. is controlled by Defendant Amazon, particularly with respect to legal matters" is vague and ambiguous, and on that basis A9 denies that allegation.

8. Defendant A9 Innovations LLC ("A9 Innovations") admits that it is a Delaware limited liability company with a principal place of business in Palo Alto, California. A9 Innovations admits that it is a direct or indirect subsidiary of Amazon. A9 Innovations further consents to jurisdiction and venue in this District for purposes of this action only. The allegation that "A9 LLC is controlled by Defendant Amazon, particularly with respect to legal matters" is vague and ambiguous, and on that basis A9 Innovations denies that allegation.

9. Defendant Quidsi, Inc. ("Quidsi") admits that it is a Delaware corporation with a principal place of business in Jersey City, New Jersey. Quidsi admits that it is a direct or indirect subsidiary of Amazon, and consents to jurisdiction and venue in this District for purposes of this action only. The allegation that "Quidsi is controlled by Defendant Amazon, particularly with respect to legal matters" is vague and ambiguous, and on that basis Quidsi denies that allegation.

**JURISDICTION AND VENUE**

10. Paragraph 10 of the Complaint sets forth legal conclusions to which no response is required. To the extent paragraph 10 contains factual allegations to which a response is required, those allegations are denied.

11. To the extent the allegations of paragraph 11 of the Complaint are legal conclusions, no response is required or provided. Defendants consent to personal jurisdiction and venue in this District for purposes of this action only. Although that is a sufficient response to paragraph 11 of the Complaint, Defendants further state that they deny having committed acts of patent infringement in this District or anyplace else.

12. To the extent the allegations of paragraph 12 of the Complaint are legal conclusions, no response is required or provided. Defendants consent to personal jurisdiction in this District for purposes of this action only. Defendants otherwise deny the allegations of paragraph 12 of the Complaint and they expressly deny that they have committed acts of infringement in this District, in the State of Delaware or anyplace else.

13. Denied.

## FACTUAL BACKGROUND

### Defendants Amazon and AMZN

14. Amazon admits that it is, in part, an online retail company. Amazon admits that it and/or one or more of its direct or indirect subsidiaries has, at least in part, developed mobile applications that facilitate purchases of items from amazon.com. Amazon denies the remaining allegations of paragraph 14 of the Complaint.

15. Denied.

16. The allegations of paragraph 16 of the Complaint relating to "operation" and "maintenance" of mobile applications are vague and ambiguous, and on that basis those allegations are denied. Amazon and AMZN admit that the Amazon Mobile, Amazon Price Check and Amazon Student applications ("Amazon's Applications") are designed to be operated on specific types of mobile platforms, including

iOS and Android, and that the Amazon Mobile application is also designed to be operated on Windows Mobile. Amazon and AMZN deny that Amazon's Applications are capable of functioning "in a way as to meet all of the elements of the claimed invention," and deny any remaining allegations of paragraph 16 of the Complaint.

17. Amazon and AMZN admit that Amazon's Applications include a barcode scanning feature and that this feature, in conjunction with user devices and software not provided by Defendants, is capable of decoding barcodes. Amazon also admits that customers can use Amazon's Applications to scan barcodes of products in brick and mortar stores for price comparison and ordering purposes. Amazon and AMZN deny the remaining allegations of paragraph 17 of the Complaint.

18. Amazon and AMZN admit that Amazon's Applications include a barcode scanning feature, and that users may use this feature in conjunction with user devices and software not provided by Defendants to facilitate the purchase of products from Amazon. Amazon further admits that it offers books, computer software, video games, electronics, apparel, furniture, food and toys for sale. Amazon and AMZN deny the remaining allegations of paragraph 18 of the Complaint.

19. Amazon admits that Amazon's Applications are designed to operate on specific mobile platforms. Amazon denies the remaining allegations of paragraph 19 of the Complaint.

20. Denied.

21. Amazon admits that an August 4, 2009 press release appears on its website with the language quoted in paragraph 21 of the Complaint. Amazon denies any remaining allegations of paragraph 21 of the Complaint.

22. Amazon admits that a November 22, 2010 press release appears on its website with the language quoted in paragraph 22 of the Complaint. Amazon denies any remaining allegations of paragraph 22 of the Complaint.

23. Amazon admits that a December 6, 2011 press release appears on its website with the language quoted in paragraph 23 of the Complaint. Amazon further admits that it gave its customers a 5% discount (up to $5) for using its Price Check Application on December 10, 2011.

24. Amazon admits that a December 8, 2011 press release appears on its website with the language quoted in paragraph 24 of the Complaint. Amazon denies any remaining allegations of paragraph 24 of the Complaint.

25. Amazon admits that it offers mobile applications for download on its website. Amazon further admits that some of these mobile applications include a barcode scanning feature which, in conjunction with user devices and software not provided by Defendants, is capable of decoding barcodes. Amazon further admits that these mobile applications include Amazon Mobile, Amazon Price Check, Amazon Student and AmazonFresh. Amazon further admits that its website includes information relating to how the barcode scanning feature can be used. Amazon denies any remaining allegations of paragraph 25 of the Complaint.

26. Amazon admits that it offers for download the Amazon Mobile Application in its Appstore for Android on its website, amazon.com. Amazon further admits that the language quoted in paragraph 26 of the Complaint appears on the Amazon Mobile Application’s product page. Amazon further admits that its website includes

information relating to how the barcode scanning feature can be used. Amazon denies any remaining allegations of paragraph 26 of the Complaint.

27. Amazon admits that the screenshots included in paragraph 27 of the Complaint appear to be from the iOS implementation of its Amazon Mobile Application. Amazon further admits that the screenshots include information regarding how the barcode scanning feature can be used. Amazon and AMZN deny any remaining allegations of paragraph 27 of the Complaint.

28. Amazon and AMZN admit that HHP filed its original complaint against them on June 18, 2012. Amazon and AMZN further admit that Amazon received a letter from HHP dated June 18, 2012 that included the original complaint. In addition, Amazon and AMZN admit that Amazon participated in a telephone call with HHP regarding the filing. Amazon and AMZN deny that they infringe or have ever infringed United States Patent No. 6,015,088 (the "'088 Patent"), and deny any remaining allegations of paragraph 28 of the Complaint.

29. Amazon and AMZN admit that they acknowledge the letter and telephone call referred to in paragraph 28 above. Amazon and AMZN admit that they have not removed the barcode scanning feature from Amazon's Applications, that these applications are still available for download, and that they are still being used. Amazon and AMZN deny the remaining allegations of paragraph 29 of the Complaint.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

**Defendant AmazonFresh LLC**

35. AmazonFresh admits that it is a direct or indirect subsidiary of Amazon. AmazonFresh admits that it provides a service relating to grocery delivery. AmazonFresh denies any remaining allegations of paragraph 35 of the Complaint.

36. AmazonFresh admits that Amazon and/or one or more of its direct or indirect subsidiaries has, at least in part, developed mobile applications that, in conjunction with user devices and software not provided by Defendants, are capable of decoding barcodes. AmazonFresh admits that purchases made using the AmazonFresh mobile application ("AmazonFresh's Application") are routed through secure servers owned or controlled by Amazon or an Amazon direct or indirect subsidiary. AmazonFresh denies any remaining allegations of paragraph 36 of the Complaint.

37. The allegations of paragraph 37 of the Complaint relating to "operation" and "maintenance" of mobile applications are vague and ambiguous, and on that basis those allegations are denied. AmazonFresh admits that AmazonFresh's Application is designed to be operated on specific types of mobile platforms. AmazonFresh denies that AmazonFresh's Application is capable of functioning "in a way as to meet all of the elements of the claimed invention," and denies any remaining allegations in paragraph 37 of the Complaint.

38. AmazonFresh admits that AmazonFresh's Application includes a barcode scanning feature and that this feature, in conjunction with user devices and software not provided by Defendants, is capable of decoding barcodes. AmazonFresh further admits that the barcode scanning feature can be used to facilitate the purchase of

grocery items from AmazonFresh, and that information about groceries available for purchase can be displayed on a smartphone. AmazonFresh denies the remaining allegations of paragraph 38 of the Complaint.

39. Denied.

40. AmazonFresh admits that the language quoted in paragraph 40 appears on AmazonFresh's website. AmazonFresh denies any remaining allegations of paragraph 40 of the Complaint.

41. AmazonFresh admits that AmazonFresh's Application is available for download from the Amazon Appstore for Android. AmazonFresh also admits that the screenshot reproduced and the language quoted in paragraph 41 appears in the Amazon Appstore for Android. AmazonFresh denies any remaining allegations made in paragraph 41 of the Complaint.

42. AmazonFresh admits that HHP filed its original complaint against it on June 18, 2012. AmazonFresh further admits that Amazon received a letter from HHP dated June 18, 2012 that included the original complaint. In addition, AmazonFresh admits that Amazon participated in a telephone call with HHP regarding the filing. AmazonFresh denies that it infringes or has ever infringed the '088 Patent, and denies the remaining allegations of paragraph 42 of the Complaint.

43. AmazonFresh admits that it acknowledges the letter and telephone call referred to in paragraph 42 above. AmazonFresh admits that it has not removed the barcode scanning feature from AmazonFresh's Application, that this application is still available for download, and that it is still being used. AmazonFresh denies the remaining allegations of paragraph 43 of the Complaint.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

**Defendants A9 Inc. and A9 LLC**

49. A9 and A9 Innovations admit that they are direct or indirect subsidiaries of Amazon. A9 and A9 Innovations admit that Amazon and/or one or more of its direct or indirect subsidiaries has, at least in part, developed mobile applications that, in conjunction with user devices and software not provided by Defendants, are capable of decoding barcodes. A9 and A9 Innovations further admit that one of these applications is "Flow" ("A9's Application").

50. The allegations of paragraph 50 of the Complaint relating to "operation" and "maintenance" of mobile applications are vague and ambiguous, and on that basis those allegations are denied. A9 and A9 Innovations admit that A9's Application is designed to be operated on specific types of mobile platforms. A9 and A9 Innovations deny that A9's Application is capable of functioning "in a way as to meet all of the elements of the claimed invention," and denies any remaining allegations in paragraph 50 of the Complaint.

51. A9 and A9 Innovations admit that A9's Application includes a barcode scanning feature and that this feature, in conjunction with user devices and software not provided by Defendants, is capable of decoding barcodes. A9 and A9 Innovations further admit that the barcode scanning feature can be used to facilitate the

purchase of items from Amazon, and that information about items available for purchase can be displayed on a smartphone. A9 and A9 Innovations deny the remaining allegations of paragraph 51 of the Complaint.

52. Denied.

53. A9 and A9 Innovations admit that the screenshot in paragraph 53 of the Complaint appears to be from the iOS implementation of its Flow application. A9 and A9 Innovations deny any remaining allegations of paragraph 53 of the Complaint.

54. A9 and A9 Innovations admit that HHP filed its original complaint against them on June 18, 2012. A9 and A9 Innovations further admit that Amazon received a letter from HHP dated June 18, 2012 that included the original complaint. In addition, A9 and A9 Innovations admit that Amazon participated in a telephone call with HHP regarding the filing. A9 and A9 Innovations deny that they infringe or have ever infringed the ’088 Patent, and deny the remaining allegations of paragraph 54 of the Complaint.

55. A9 and A9 Innovations admit that they acknowledge the letter and telephone call referred to in paragraph 54 above. A9 and A9 Innovations further admit that it released its Flow application for the Android platform on June 29, 2012. A9 and A9 Innovations admit that they have not removed the barcode scanning feature from A9’s Application, that this application is still available for download, and that it is still being used. A9 and A9 Innovations deny the remaining allegations of paragraph 55 of the Complaint.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

**Defendant Quidsi**

61. Quidsi admits that it is a direct or indirect subsidiary of Amazon. Quidsi further admits that it operates BeautyBar.com, Diapers.com and Soap.com. Quidsi further admits that Amazon and/or one or more of its direct or indirect subsidiaries has, at least in part, developed mobile applications that allow customers to purchase products from its websites. Quidsi lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 61 of the Complaint, and on that basis denies those allegations.

62. The allegations of paragraph 62 of the Complaint relating to "operation" and "maintenance" of mobile applications are vague and ambiguous, and on that basis those allegations are denied. Quidsi admits that the BeautyBar.com, Diapers.com, Soap.com, Wag.com, and YoYo.com applications ("Quidsi's Applications") are designed to be operated on specific types of mobile platforms. Quidsi denies that Quidsi's Applications are capable of functioning "in a way as to meet all of the elements of the claimed invention," and denies any remaining allegations in paragraph 62 of the Complaint.

63. Quidsi admits that Quidsi's Applications include a barcode scanning feature and that this feature, in conjunction with user devices and software not provided by Defendants, is capable of decoding barcodes. Quidsi further admits that the barcode scanning feature can be used to facilitate the purchase of items from associated Quidsi

websites, and that information about items available for purchase can be displayed on a smartphone. Quidsi further admits that its websites offer baby care, health, beauty, and household items for sale. Quidsi denies the remaining allegations of paragraph 63 of the Complaint.

64. Denied.

65. Quidsi admits that HHP filed its original complaint against it on June 18, 2012. Quidsi further admits that Amazon received a letter from HHP dated June 18, 2012 that included the original complaint. In addition, Quidsi admits that Amazon participated in a telephone call with HHP regarding the filing. Quidsi denies that it infringes or has ever infringed the ’088 Patent, and denies the remaining allegations of paragraph 65 of the Complaint.

66. Quidsi admits that it acknowledges the letter and telephone call referred to in paragraph 65 above. Quidsi admits that it has not removed the barcode scanning feature from Quidsi’s Applications, that these applications are still available for download, and that they are still being used. Quidsi denies the remaining allegations of paragraph 66 of the Complaint.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

**The Hand Held Patent - U.S. 6,015,088**

72. Defendants admit that the ’088 Patent indicates on its face both that it is entitled “Decoding of Real Time Video Imaging” and that it issued on January 18, 2000. Defendants deny that the ’088 Patent was “duly and legally issued.” Defendants further deny that a copy of the ’088 Patent was attached to the Complaint as Exhibit A. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in paragraph 72 of the Complaint, and on that basis deny those allegations.

73. Denied.

74. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 74 of the Complaint, and on that basis deny those allegations. Defendants deny that HHP is entitled to any relief whatsoever with respect to Defendants.

**COUNT I**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,015,088 BY AMAZON**

75. Amazon restates and realleges the responses to paragraphs 1-74 of the Complaint as set forth above, and incorporates them herein by reference.

76. Denied.

77. Denied.

78. Amazon admits that Amazon’s Applications are designed to operate on specific mobile platforms. The allegations of paragraph 78 of the Complaint that Amazon “owns, operates, and maintains - or controls and directs - Amazon’s Applications”

are vague and ambiguous, and on that basis Amazon denies those allegations. Amazon denies any remaining allegations of paragraph 78 of the Complaint.

79. Denied.

80. Amazon admits that HHP filed its original complaint on June 18, 2012. In addition, Amazon admits that it received a letter dated June 18, 2012 which included a copy of the original complaint. Amazon denies any remaining allegations of paragraph 80 of the Complaint.

81. Amazon admits that it was aware of the existence of the ’088 Patent on or about June 18, 2012.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Amazon admits that it is presently unaware of any license or permission to use the ’088 Patent. However, Amazon denies that it requires any such license or permission.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

**COUNT II**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,015,088 BY AMZN**

100. AMZN restates and realleges the responses to paragraphs 1-99 of the Complaint as set forth above, and incorporates them herein by reference.

101. Denied.

102. Denied.

103. AMZN admits that Amazon’s Applications are designed to operate on specific mobile platforms. The allegations of paragraph 103 of the Complaint that AMZN “owns, operates, and maintains - or controls and directs - Amazon’s Applications” are vague and ambiguous, and on that basis AMZN denies those allegations. AMZN denies any remaining allegations of paragraph 103 of the Complaint.

104. Denied.

105. AMZN admits that HHP filed its original complaint on June 18, 2012. In addition, AMZN admits that Amazon received a letter dated June 18, 2012 which included a copy of the original complaint. AMZN denies any remaining allegations of paragraph 105 of the Complaint.

106. AMZN admits that it was aware of the existence of the ’088 Patent on or about June 18, 2012.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. AMZN admits that it is presently unaware of any license or permission to use the ’088 Patent. However, AMZN denies that it requires any such license or permission.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

**COUNT III**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,015,088 BY AMAZONFRESH**

124. AmazonFresh restates and realleges the responses to paragraphs 1-123 of the Complaint as set forth above, and incorporates them herein by reference.

125. Denied.

126. Denied.

127. AmazonFresh admits that AmazonFresh's Application is designed to operate on specific mobile platforms. The allegations of paragraph 127 of the Complaint that AmazonFresh "owns, operates, and maintains - or controls and directs - AmazonFresh's Applications" are vague and ambiguous, and on that basis AmazonFresh denies those allegations. AmazonFresh denies any remaining allegations of paragraph 127 of the Complaint.

128. Denied.

129. AmazonFresh admits that HHP filed its original complaint on June 18, 2012. In addition, AmazonFresh admits that Amazon received a letter dated June 18, 2012 which included a copy of the original complaint. AmazonFresh denies any remaining allegations of paragraph 129 of the Complaint.

130. AmazonFresh admits that it was aware of the existence of the '088 Patent on or about June 18, 2012.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. AmazonFresh admits that it is presently unaware of any license or permission to use the ’088 Patent. However, AmazonFresh denies that it requires any such license or permission.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

**COUNT IV**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,015,088 BY A9 INC. AND A9 LLC**

148. A9 and A9 Innovations restate and reallege the responses to paragraphs 1-147 of the Complaint as set forth above, and incorporate them herein by reference.

149. Denied.

150. Denied.

151. A9 and A9 Innovations admit that A9's Application is designed to operate on specific mobile platforms. The allegations of paragraph 151 of the Complaint that A9 and A9 Innovations "own, operate, and maintain - or control and direct - A9's Applications" are vague and ambiguous, and on that basis A9 and A9 Innovations deny those allegations. A9 and A9 Innovations deny any remaining allegations of paragraph 151 of the Complaint.

152. Denied.

153. A9 and A9 Innovations admit that HHP filed its original complaint on June 18, 2012. In addition, A9 and A9 Innovations admit that Amazon received a letter dated June 18, 2012 which included a copy of the original complaint. A9 and A9 Innovations deny any remaining allegations of paragraph 153 of the Complaint.

154. A9 and A9 Innovations admit that they were aware of the existence of the '088 Patent on or about June 18, 2012.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. A9 and A9 Innovations admit that they are presently unaware of any license or permission to use the ’088 Patent. However, A9 and A9 Innovations deny that they require any such license or permission.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

**COUNT V**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 6,015,088 BY QUIDSI**

172. Quidsi restates and realleges the responses to paragraphs 1-171 of the Complaint as set forth above, and incorporates them herein by reference.

173. Denied.

174. Denied.

175. Quidsi admits that Quidsi’s Applications are designed to operate on specific mobile platforms. The allegations of paragraph 175 of the Complaint that Quidsi “owns, operates, and maintains - or controls and directs - Quidsi’s Applications” are vague and ambiguous, and on that basis Quidsi denies those allegations. Quidsi denies any remaining allegations of paragraph 175 of the Complaint.

176. Denied.

177. Quidsi admits that HHP filed its original complaint on June 18, 2012. In addition, Quidsi admits that Amazon received a letter dated June 18, 2012 which

included a copy of the original complaint. Quidsi denies any remaining allegations of paragraph 177 of the Complaint.

178. Quidsi admits that it was aware of the existence of the ’088 Patent on or about June 18, 2012.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

185. Denied.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

190. Denied.

191. Quidsi admits that it is presently unaware of any license or permission to use the ’088 Patent. However, Quidsi denies that it requires any such license or permission.

192. Denied.

193. Denied.

194. Denied.

195. Denied.

## PRAYER FOR RELIEF

Defendants deny that HHP is entitled to any relief, much less the relief requested in HHP's prayer, and to the extent that such prayer contains factual allegations relating to Defendants, such allegations are denied. HHP's prayer for relief with respect to Defendants should be denied, with prejudice, in its entirety.

## JURY DEMAND

Defendants admit that HHP has demanded a jury trial.

## ADDITIONAL DEFENSES

Defendants set forth the following additional defenses. Defendants do not intend hereby to assume the burden of proof with respect to those matters as to which, pursuant to law, Plaintiff HHP bears the burden. As Defendants learn additional facts, they reserve the right to add further defenses and counterclaims, including but not limited to those related to the unenforceability of the '088 Patent based on inequitable conduct.

## FIRST DEFENSE

196. One or more of the claims of the '088 Patent is invalid for failure to satisfy the requirements and conditions for patentability set forth in the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to one or more of sections 101, 102, 103 and/or 112 of Title 35 of the United States Code.

## SECOND DEFENSE

197. Defendants do not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any claim of the '088 Patent, and they have not done so in the past. Defendants also do not contribute to or induce

infringement of the ’088 Patent, and they have not done so in the past. Defendants do not infringe, and have not in the past infringed, either directly or indirectly, the ’088 Patent.

**THIRD DEFENSE**

198. The Complaint’s claims are barred or limited by the doctrines of laches, estoppel and/or other equitable doctrines.

**FOURTH DEFENSE**

199. HHP does not plead compliance with the patent marking requirements of 35 U.S.C. § 287(a). HHP is therefore barred from recovering damages from any Defendant for any alleged infringement which occurred prior to its receipt of actual notice of its alleged infringement.

**FIFTH DEFENSE**

200. HHP does not plead facts to support its demand for an injunction. HHP’s claim for injunctive relief is therefore barred.

**SIXTH DEFENSE**

201. HHP fails to state a claim upon which relief can be granted.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray that:

a) The Court enter judgment on the Complaint against HHP, and in favor of each Defendant;

b) The Court declare invalid each of the claims of the ’088 Patent;

c) The Court declare that Defendants do not manufacture, use, offer for sale, sell, or import into the United States any product or method that infringes any of

the claims of the ’088 Patent and have not done so in the past, and that Defendants do not directly infringe the ’088 Patent and have not done so in the past;

d) The Court declare that Defendants do not contribute to or induce infringement of the ’088 Patent and have not done so in the past, and that Defendants do not indirectly infringe the ’088 Patent and have not done so in the past;

e) The Court declare unenforceable each of the claims of the ’088 Patent;

f) Defendants be awarded their costs in this action;

g) Defendants be awarded their attorneys’ fees pursuant to 35 U.S.C. § 285; and

h) Defendants be awarded such other and further relief as this Court deems just and proper.

Respectfully submitted,

*/s/ Andrew C. Mayo*
Steven J. Balick (#2114)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
ASHBY & GEDDES
500 Delaware Avenue
P.O. Box 1150
Wilmington, DE 19899
(302) 504-3700
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
amayo@ashby-geddes.com

Counsel for Defendants
AMAZON.COM, INC,
AMZ MOBILE LLC,
AMAZONFRESH LLC,
A9.COM, INC.,
A9 INNOVATIONS LLC,
and QUIDSI, INC.

*Of Counsel:*

David S. Benyacar
Daniel L. Reisner
David Soofian
KAYE SCHOLER LLP
425 Park Avenue
New York, NY 10022
(212) 836-8000
dbenyacar@kayescholer.com
dreisner@kayescholer.com
david.soofian@kayescholer.com

April 1, 2013