IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HAND HELD PRODUCTS, INC.,

                    Plaintiff;

      v.

AMAZON.COM, INC., AMZN MOBILE
LLC, AMAZONFRESH LLC, A9.COM,
INC., A9 INNOVATIONS LLC, and QUIDISI,
INC.,

                    Defendants.

Civil Action No. 12-768-RGA-MPT

## MEMORANDUM ORDER

The Magistrate Judge filed a Report and Recommendation recommending that summary

judgment of non-infringement be granted. (D.I. 287). Plaintiff has filed objections, to which

Defendants have responded. (D.I. 288, 291). I review the Magistrate Judge's legal conclusions

*de novo*. 28 U.S.C. § 636(b)(1)(C).

U.S. Patent No. 6,015,088 (the "'088 patent") relates to an image capturing apparatus and

method of "capturing and decoding bar code information in real time from a continuously

displayed video signal of a particular target." '088 patent at 1:9-11.

Plaintiff objects to the Magistrate Judge's report on the grounds that it is inconsistent

with the claim construction order, and that the Magistrate Judge engaged in impermissible fact

finding.

The Magistrate Judge concluded that the Accused Apps do not perform the "selectively

capturing . . . an instantaneous image" element of the claims because the Accused Apps do not

allow a user, rather than an automated mechanism, to capture an image. The Court previously

construed "selectively capturing . . . an instantaneous image" to mean "at an instant in time

1

selected by the user based on the displayed image, converting the live analog video signal into a single digital image that is output for storage into computer memory." (D.I. 222 at p. 56). The Magistrate Judge concluded that because the Accused Apps "provide no mechanism by which a *user* selects an instant in time to capture a barcode image," the Accused Apps did not infringe the '088 patent as a matter of law. (D.I. 287 at 8).

Plaintiff argues that the Magistrate Judge's ruling alters the claim construction by limiting the means by which a user can select the desired image. Specifically, Plaintiff contends that the Magistrate Judge effectively limited "select[ion]" to instances where a user depresses a key, clicks a mouse, or sets a timer. (D.I. 288 at pp. 5-6). Plaintiff also argues that the Magistrate Judge's ruling completely excludes computer involvement in the process of selective capturing. (*Id.* at pp. 7-8). Plaintiff misunderstands the Magistrate Judge's ruling. To meet the limitation, the user must select the "instant in time" when a single image will actually be captured. (*See* D.I. 222 at p. 56). This could occur in any number of ways, but it must be initiated by the user. (D.I. 240 at pp. 2-4). It is undisputed that after aiming the camera at a barcode and keeping it steady, the user has no ability to select an instant in time. Nothing in the Magistrate Judge's report excludes all computer involvement; it instead merely requires, consistent with the patent, that the user make the selection of a particular instant in time to capture an image. While the Magistrate Judge discussed whether aiming steps were "analogous [to] selecting a particular image using a mouse click, keyboard, and/or timer inputs described in the specification," this was in response to an argument by HHP that the aiming steps in the Accused Apps were analogous to those specific preferred embodiments. (D.I. 287 at 11; *see also* D.I. 266 at 19-20; D.I. 268 ¶ 83). Nothing in the claim construction "read[s] limitations from a preferred embodiment . . . into the claims." *Openwave Sys., Inc. v. Apple Inc.*, 808 F.3d 509, 514

2

(Fed. Cir. 2015). Plaintiff also asserts that the Magistrate Judge provides "no guidance as to what other types of user input mechanisms would fall within the scope of the claim." (D.I. 288 at p. 6). The Magistrate Judge is under no obligation to identify all possible ways to infringe the claims. She concluded that the user, through some mechanism, "must make the selection of the instant in time to capture the barcode image." (D.I. 287 at 12). Because that is lacking in the Accused Apps, that is all the Magistrate Judge must decide. Plaintiff mischaracterizes the Magistrate Judge's ruling, objecting to one that was not made. The objections are overruled.

Plaintiff contends that the Magistrate Judge's report conflicts with the Court's previous discussion of the "aiming" step during claim construction. In her claim construction report, adopted by the Court, the Magistrate Judge stated that "the 'aiming' step must occur before the displaying step" because, "[f]or the barcode to be in the field of view, the camera would have to have already been aimed at the barcode whether the camera was previously turned on or not." (D.I. 222 at p. 11). In her summary judgment report, the Magistrate Judge described as "preliminary" a user's actions of "aiming the camera, centering the barcode, and holding the camera steady." (D.I. 287 at 11). The patent does so as well, claiming the "aiming" action as the first step of claim 1. '088 patent at 10:24-26 ("aiming an imaging apparatus at a target of interest, said target having at least one of optically readable and bar coded information contained thereupon"). Since the claim construction report described aiming as something that occurs before the image is displayed, Plaintiff argues, actions undertaken at any point after the image is being displayed—as is the case here—cannot be deemed "preliminary." Plaintiff's myopic view of the claim construction opinion is misguided. The Court previously held that aiming must necessarily take place before an object can "be in the field of view." (D.I. 222 at p. 11). This is because the aiming itself defines the field of view. The Magistrate Judge's claim construction

opinion did not state that aiming is a discrete step that must be completed before any subsequent steps occur. The summary judgment report is entirely consistent with the Court's claim construction.

Plaintiff argues that the Magistrate Judge disregarded the expert declaration of Dr. Wolfe, and by doing so, either "misapprehend[ed]" Plaintiff's infringement contentions or engaged in impermissible fact-finding. In his declaration, Dr. Wolfe opines that certain "user input mechanisms are the same as (or at least are equivalent to) the 'hotkey' disclosed in the '088 patent." (D.I. 288 at p. 9). Dr. Wolfe's declaration, which was considered by the Magistrate Judge, fails to create a dispute of material fact. (*See* D.I. 287 at 10-11). Dr. Wolfe states that "[u]nless the user puts the barcode within the designated region or field of view . . ., no copy of the digital image is made . . . . [and therefore] it would be incorrect to say that the Amazon applications do not allow for, permit, or require user input." (D.I. 268 ¶ 85). Dr. Wolfe further opines that "the user selects an image by (1) placing the barcode itself within the preferred measurement region . . . and (2) holding the camera steady." (*Id.* ¶ 82). Since the Accused Apps do not capture an image without some user involvement at some point, Dr. Wolfe opines, they must meet the limitation. This but-for test is inconsistent with the Court's construction and would read the "selectively capturing" limitation out of the claim. The only user involvement takes place during the initial aiming step of claim 1. The Accused Apps lack any selection mechanism that allows a user to "select[] [a particular instant] based on the displayed image." (D.I. 222 at p. 56). As HHP's infringement contentions repeatedly acknowledge, the software itself automatically performs the selective capturing. (*See, e.g.*, D.I. 260, Ex. C at p. 9 ("The selective capturing and storing of an instantaneous image of said target into memory of a computer is performed by Amazon Mobile."); *id.* at p. 10 ("[T]he Mobile application selectively

4

captures based on the possibility of being aimed at a barcode."")).  During claim construction, the

Court rejected the argument that the claims encompassed processes wherein the capturing

function was performed automatically, without the user initiating the selection of an instant in

time.  (D.I. 240 at pp. 2-4).  Dr. Wolfe's declaration cannot raise a dispute of material fact by

trying to argue claim construction again.  Plaintiff's fact-finding objection is unavailing.

Therefore, Plaintiff's objections (D.I. 288) are **OVERRULED**.

Therefore, the Report and Recommendation (D.I. 287) is **ADOPTED** without

modification.

Defendants' motion for summary judgment of non-infringement (D.I. 257) is

**GRANTED**.

It is **SO ORDERED** this **31** day of March, 2016.

United States District Judge

5